UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

|  |  |
|---|---|
| HERBALICIOUS MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., ROC NATION LLC d/b/a ROC NATION MUSIC and KASZ MONEY PUBLISHING,<br><br>                Plaintiffs,<br><br>V.<br><br>PAIGE HOSPITALITY INC., FELIX D. PAIGE, SHAHROKH REZA, and WILLIAM GATEMAN,<br><br>                Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, Herbalicious Music, W Chappell Music Corp. d/b/a WC Music Corp., Roc Nation LLC d/b/a Roc Nation Music and Kasz Money Publishing, for their complaint against Defendants, Paige Hospitality Inc., Felix D. Paige, Shahrokh Reza, and William Gateman, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because it is a civil action arising under the Copyright Law of the United States.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside and may be found in this District.

4. Plaintiffs allege two (2) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.

5. SCHEDULE A, annexed to the Complaint, sets forth in table form the specifics of the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

22746118.2

**THE PARTIES**

6. On information and belief Defendant Paige Hospitality, Inc. ("Paige Hospitality") is a corporation organized under the laws of Massachusetts, with a principal place of business located at 246 Tremont Street, Boston, Massachusetts 02116.

7. At all times hereinafter mentioned, Paige Hospitality did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Hava Nightclub, located 246 Tremont Street, Boston, Massachusetts 02116

8. Musical compositions were and are publicly performed at Hava Nightclub.

9. Defendant Felix D. Paige ("Paige") is an individual who resides and/or does business in this District.

10. Defendant Shahrokh Reza ("Reza") is an individual who resides and/or does business in this District.

11. Defendant William Gateman ("Gateman") is an individual who resides and/or does business in this District.

12. At all pertinent times, Paige, Reza, and Gateman were, and still are, owners, officers, and/or principals of Paige Hospitality.

13. At all pertinent times, Paige, Reza, and Gateman were, and still are, responsible for the control, management, operation and maintenance of the affairs of Paige Hospitality.

14. At all pertinent times, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Hava Nightclub, including the right and ability to supervise and control the public performance of musical compositions at Hava Nightclub.

15. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Hava Nightclub.

22746118.2

16. The Plaintiff names in Column 2 of Schedule A* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

17. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

18. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

## DEFENDANTS' COPYRIGHT INFRINGEMENT

19. In undertaking the conduct complained of in this action, Defendants knowingly, intentionally and willfully infringed Plaintiffs' copyrights. Defendants' knowledge and intent are established by at least the following facts.

20. On February 15, 2023, ASCAP members, after similar failed licensing efforts, were forced to bring a copyright infringement action against defendant Paige and against Jackson Gateman in this Court, *BMG Rights Management (US) LLC d/b/a BMG Gold Songs, et al. v. Paige, Inc., et al.,* Civil Action No.: 1:23-cv-10337 (the "Paige/Gateman Case").

21. One of the musical compositions at issue in this case was one of the ones infringed in the Paige/Gateman case.

22. Upon information and belief Jackson Gateman is related to William Gateman.

23. The Paige/Gateman case was dismissed after settlement on confidential terms.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

3

22746118.2

24. William Gateman negotiated the settlement on behalf of the Defendants in the Paige/Gateman case.

25. Music is and has been publicly performed at Hava since at least as early as 2021 without license from Plaintiffs or from ASCAP.

26. Going back several years, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Hava Nightclub.

27. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and telephone.

28. Defendants have refused all of ASCAP's offers of an ASCAP license for Hava Nightclub.

29. ASCAP's numerous communications offering to a license for Hava Nightclub gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Hava Nightclub constitute copyright infringement.

30. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Hava Nightclub, including the copyrighted works involved in this action, without license or permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

31. The many unauthorized performances at Hava Nightclub include the performances of the three copyrighted musical compositions upon which this action is based.

32. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

33. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

34. Plaintiffs, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the

copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified in Column 6.

35. Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Hava Nightclub.

36. The public performances at Hava Nightclub of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized.

37. At the times of the acts of infringements complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein names.

38. Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

39. Defendants knowingly, intentionally and willfully infringed Plaintiffs' copyrights.

40. Unless enjoined, Defendants intend to and will continue such infringing performances.

41. Defendants' wrongful acts have caused and are causing injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further infringing acts, Plaintiffs will continue to suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.     That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing Plaintiffs musical compositions – or any other compositions in the ASCAP repertory for which Defendants have no license – and from causing or permitting unlicensed compositions to be publicly performed at Hava Nightclub, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

II.     That Defendants be ordered to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein;

III.     That the Court increase the award of statutory damages to $150,000 in each cause of action pursuant to 17 U.S.C. § 504(c)(2) based on Defendants willful infringement;

IV.     That Defendants be ordered to pay the costs of this action and that the Court award reasonable attorneys' fees to Plaintiffs as part of the costs; and

V.     For such other and further relief as may be just and equitable.

Dated: March 3, 2025

        Respectfully submitted,

        HERBALICIOUS MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., ROC NATION LLC d/b/a ROC NATION MUSIC and KASZ MONEY PUBLISHING

        By their attorneys,

        PRETI FLAHERTY BELIVEAU & PACHIOS, LLP

        /s/ Eric Osterberg
        Eric C. Osterberg (BBO #624944)
        Hanna May (BBO #708408)
        60 State Street, Suite 1100
        Boston, MA  02109
        (617) 226-3800
        eosterberg@preti.com
        hmay@preti.com